Crocker *v.* Craig.

---

NATHANIEL CROCKER, *in Equity, versus* LUKE B. CRAIG.

In a bill in equity brought by an administrator of an insolvent estate, to obtain a re-conveyance of land alleged to have been conveyed by the intestate, without consideration, to defraud his creditors, it must be alleged in the bill that the suit is instituted for the benefit of *all* the creditors of the estate.

This Court, when sitting in the several districts to determine questions of law, has no original jurisdiction, and cannot grant leave to amend. Such leave can be granted only at *Nisi Prius.*

THIS WAS a BILL IN EQUITY, inserted by the plaintiff in a writ of attachment, and was brought by him as administrator of the estate of one George Craig. He alleged his own appointment and qualification as administrator; the due return

of an inventory of the estate, in which was embraced the homestead farm of the deceased, valued at $650; that the estate was represented insolvent, and commissioners were duly appointed, before whom certain specified claims were proved and allowed for debts contracted by the intestate before February 1, 1855; and that, on that day, the said intestate conveyed said homestead farm to the defendant, without any consideration therefor, and with the intent, on the part of the intestate and the defendant, to defraud the creditors of the former. The bill concluded with a prayer for a discovery and for a decree for a re-conveyance of the premises. The writ was entered at the October term, 1857, and the defendant demurred generally to the bill.

The case was set down for argument upon the demurrer at the law term for the Eastern district, in May, 1858, when the plaintiff moved for leave to amend his bill, by adding to it the allegation that the creditors therein named were the only creditors of the estate.

*Rowe & Bartlett* argued for the plaintiff.

The creditors of the estate have no claim against the defendant for the penalty provided by the R. S. of 1841, c. 148, § 49, and R. S., 1857, c. 113, § 47.

The administrator is entitled to the aid of a court of equity, to obtain the real estate or the proceeds thereof. *Caswell* v. *Caswell*, 28 Maine, 232; *Fletcher* v. *Holmes*, 40 Maine, 364.

The aid of a court of equity is needed, both for discovery and for relief.

The Judge of Probate has no power to compel discovery in a case of this kind. His power is limited to a discovery in relation to personal property. R. S., 1857, c. 65, § 55.

By the provisions of c. 71, § 22, R. S., a Judge of Probate may grant license to sell lands fraudulently conveyed by the intestate. Before a license, there should be proof of the fact that the lands to be sold had been fraudulently conveyed; as the authority is not to license a sale of those suspected or charged to have been fraudulently conveyed. The fact should

be settled, too, prior to the sale. The sale of a law-suit is contrary to the policy of the law.

The statute contemplates a sale of *the land.* The sale of a disputed title to the land would bring far less in the market, than the land itself.

By the R. S. of Mass., c. 71, § 12, referred to in *Slomans, Ex'r,* v. *Brown,* 8 Met. 51, it is provided that, before proceeding to sell, the administrator shall obtain possession of the land by entry, or by action at common law. We have no such provision in our statute. That its omission is no defect in our statute, we think will be apparent to the Court on perusal of the case of *Norton* v. *Norton,* 5 Cush. 524, where, in a writ of entry by an administrator, the Court, in order to give a beneficial effect to that provision, and not do wrong to others, after the demandant had obtained a verdict, abandoned the course of proceedings at common law, and, instead of giving judgment on the verdict, seemed to have made something very like a decree of a court of equity, based upon the verdict.

In this State, no action could be maintained at law for the recovery of the land by the administrator. To bring about a result which would be just to all parties, such an one as that in *Norton* v. *Norton,* we have no recourse but to a court of equity.

*D. D. Stewart,* for defendant.

The defendant demurs to the plaintiff's bill, and presents the following grounds to the consideration of the Court:—

1. The plaintiff brings this bill as administrator on the estate of George Craig, deceased, and alleges that the defendant holds property conveyed to him by the deceased, in fraud of creditors; and he seeks to reach such property by the aid of this Court, sitting as a court of equity. The first objection, which is apparent on the face of the papers, is that the bill is not brought in behalf of *all* the creditors, but of *two* only. Such a bill cannot be sustained. *Fletcher, Adm'r,* v. *Holmes,* 40 Maine, 364.

2. The plaintiff has not exhausted his remedies at law, nor *tried any* of them.

He has not applied to the Judge of Probate to summon the defendant before him.

He has not brought his *writ of entry* to recover the land, which he might do if the facts are as the bill alleges. *Norton* v. *Norton*, 5 Cush. 524.

Nor has he brought a suit against the defendant, under the statute for fraudulently aiding and assisting in cloaking property from creditors. *Fletcher, Adm'r,* v. *Holmes,* 40 Maine, 364, before cited.

The case last cited is precisely such a case as the present. The whole subject is thoroughly examined and discussed by RICE, J., who drew the opinion of the Court, and the conclusion is arrived at that such a bill as the present cannot be maintained. This case is so recent that a further examination of authorities is wholly unnecessary. If the counsel should attempt to distinguish that case from the present, by saying that *this* embraces real estate and personal property, while *that* related to personal property alone, the answer is that the reasoning of the Court is general, and fully covers the present case. So long as the plaintiff has an adequate remedy at law, the Court hold that he cannot ask the aid of a court of equity. This is the substance of that opinion.

Now in the present case the plaintiff may bring his writ of entry at common law to recover the land. *Norton* v. *Norton,* 5 Cush. 524, before cited.

Or, he may bring his suit against the defendant, under the statute, for aiding to cloak the property. The statute embraces both real and personal property. R. S., (1841) c. 148, § 49 ; R. S., (1857) c. 113, § 47.

And there is another statute provision, expressly designed to meet this identical case, so far as the real estate is concerned. The R. S., (1841) c. 112, § 31, is as follows : — "Lands of which the testator or intestate died siezed in fee simple or in fee tail, general or special, and also all such estate as he had fraudulently conveyed, or of which he had been colorably disseized, with intent to defraud his creditors, shall be liable to be sold under any license for the payment

Crocker *v.* Craig.

of his debts, under the provisions of this chapter." This provision is reënacted in R. S., (1857) c. 71, § 22.

Here, then, is a full, complete and perfect remedy, under this statute alone. There is no sort of occasion for the aid or interposition of this Court as an equity court. The plaintiff has three ample modes of redress at law. This would seem to be enough. It is unnecessary to consider whether he could have any aid from the Court of Probate, to enable him to reach real estate fraudulently conveyed by the intestate. It is not supposed that the power of the Court of Probate would extend to such a case. The language of the statute seems hardly broad enough to embrace it. But it is unnecessary to consider the question. The other remedies are clear and ample, and are decisive of the present case.

The opinion of the Court was delivered by

CUTTING, J.—It nowhere appears in the bill that the suit was instituted for the benefit of all the creditors, consequently the demurrer must be sustained. *Fletcher, Adm'r,* v. *Holmes,* 40 Maine, 364.

As a court of law, sitting *in banc,* we cannot entertain the motion for an amendment. R. S., c. 77, § 17, gives us jurisdiction at such times over "cases in equity presented on demurrer to the bill; or when prepared for a final hearing." Amendments can be permitted only at the *Nisi Prius* terms, and before the plaintiff joins in demurrer, after which we can determine nothing but the issue presented. The case goes back, where the Justice presiding may not, or may, grant the amendment upon terms, or even without terms, as he may deem equitable; provided the plaintiff shall think proper there to renew his motion, and shall have a reasonable confidence and expectation that his bill when amended will be sustainable and his prayer granted, or that the question of jurisdiction will be opened to him after the decision in *Caswell* v. *Caswell,* 28 Maine, 235.

*Demurrer sustained.*

TENNEY, C. J., and RICE, APPLETON, and GOODENOW, J. J., concurred.